## CHARLES F. NORDSTROM, RESPONDENT, v. RALPH W. PAYNE ET AL., APPELLANTS.

Submitted March 23, 1914—Decided May 14, 1914.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

An action was brought in the First District Court of the city of Newark against Theodore P. and Ralph W. Payne, partners, and against Payne Brothers, Inc., a corporation, to recover the sum of $500 alleged to be due upon a certain contract, in writing, a copy of which was annexed to the state of demand, and is as follows:

"NEWARK, February 12, 1910.

*"C. F. Nordstrom, Esq., Cold Spring on Hudson, New York:*

"DEAR SIR—In accordance with terms as proposed by you, we agree to enter into contract with you for your services as shop superintendent for the term of one year, beginning March 15, 1910, at the rate of fifty (50) dollars per week, ten (10) dollars of which can be applied to stock when the firm of Payne Brothers are incorporated.

"Yours truly,

"PAYNE BROTHERS,

"By T. P. PAYNE."

The trial judge found, as follows: "It is admitted in this case by the defendants that Charles F. Nordstrom, the plaintiff, entered the employ of partnership in March, 1910, following the writing of the letter February 12th, 1910, marked *P. 1.*

"I find, as a fact, that the plaintiff entered the employ of such partnership under an agreement that he was to be paid a salary of $50 a week. It is admitted that the incorporation took over all of the contract liabilities of the Payne Brothers —partnership, and it is also proven in this case—I find it to

be a fact that the plaintiff worked for the corporation under the same contract.

"It is admitted that he received only $40 a week, so, for a period of one year, I find that he is entitled to $10 a week more. He never got any stock, and did not get the $10 a week as promised. The plaintiff, having waived any claim in excess of $500, there will be a judgment for the plaintiff for $500."

There is testimony to support these findings, and hence they are not reviewable. *New York and New Jersey Tel. Co.* v. *Connelly,* 69 *N. J. L.* 182; *Aschenberg* v. *Mundy,* 76 *Id.* 353; *Backes* v. *Morsovich,* 82 *Id.* 44.

The appellants, in their brief, attack the validity of the judgment upon the ground that it was improperly awarded against all of the defendants. The argument, addressed to us, is, that if it be assumed that the judgment may be sustained as against the corporation, it is erroneous against the individuals and the copartnership, and, being an entirety, must be reversed.

We are unable to find any support for the assertion that judgment was rendered against the individuals and the copartnership, or against either of them. It appears, from the findings of the trial judge, that he did not hold all the defendants liable for the plaintiff's claim. The judgment, as entered, reads: "The evidence being closed, the court rendered judgment in favor of the plaintiff and against the defendant for the sum of five hundred dollars ($500) damages, with costs; whereupon the judgment was entered in favor of the plaintiff and against the defendant for the sum of five hundred dollars damages, with costs."

The specification which seeks to raise the question refers to the findings of the court and not to the judgment. It reads: "The determination of the court that the plaintiff was entitled to recover a judgment against all the defendants." The trial judge did not so find.

We do not think that in view of all the circumstances it can fairly be so read. An examination of the case shows that at the trial counsel for appellants admitted that the defendant corporation had assumed the liabilities of the partnership and

of the individuals composing it and announced that the defence was based upon the claim that the letter did not constitute a contract, and that if it was a contract, it was without any consideration, and therefore was not a liability of the partnership, and therefore could not become such of defendant corporation. The case was tried out by the parties upon the issue tendered by the appellants. Its practical effect was an abandonment by the plaintiff of any claim against the partnership and the individuals composing it. The trial judge apparently treated it as such. We think that he was justified in doing so. It is true that no formal motion was made by the plaintiff to discontinue as to the partnership and the individuals composing it. From the case before us, it sufficiently appears that the plaintiff was not entitled to any such judgment against them.

Although it appears that the action was brought against the partnership and the individuals composing it and the corporation, and there being nothing upon the face of the record showing any disposition made of the action against the partnership and individuals composing it, yet, nevertheless, it clearly appears, by the finding of the trial judge, that the corporation had assumed all the liabilities of the partnership and of the individuals composing it, and therefore it is apparent that the rendition of the judgment against the defendant was as against the defendant corporation solely. But as the judgment in its present form is apt to give rise to uncertainty as to which defendant was meant, the record will be remitted to the First District Court of the city of Newark, to be amended in that respect.

The judgment will be affirmed.

For the respondent, *Francis Child, Jr.*

For the appellant, *Frank E. Bradner.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, MINTURN, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.   9.

*For reversal*—None.